UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRET EDWARD CAHILL,

 *Plaintiff*,

v.

U.S. DEPARTMENT OF COMMERCE,

 *Defendant*.

Civil Action No. 24 - 1351 (LLA)

## MEMORANDUM OPINION

 Plaintiff Bret Edward Cahill, proceeding pro se, brings this action against the Department of Commerce, alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, arising out of his request for certain agency records, ECF No. 1. Before the court are the Department's motion to dismiss or, in the alternative, for summary judgment, ECF No. 15, and Mr. Cahill's motion for costs, ECF No. 14. The motions are fully briefed. ECF Nos. 14-16, 18, 20-21, 23-26.[1] For the reasons explained below, the court will grant the Department's motion to dismiss and deny Mr. Cahill's motion for costs.

  **I.**  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

 Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A

---

[1] Mr. Cahill has filed two supplemental memoranda, ECF Nos. 20, 26, as well as a surreply, ECF No. 25. Mr. Cahill did not seek leave to file these documents, nor did he obtain the consent of opposing counsel before filing them. However, because documents filed by pro se plaintiffs are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the court will consider them.

document filed pro se is "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court draws the facts, accepted as true, from Mr. Cahill's pleadings. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015).

In February 2024, Mr. Cahill attended a Patent Trial and Appeals Board oral argument for his patent case, *Ex Parte* Cahill, No. 2023-3033, 2024 WL 726154, at *1 (P.T.A.B. Feb. 20, 2024). ECF No. 1 ¶ 5. Afterward, Mr. Cahill requested and received a transcript of the hearing, which included terms like "critical cells law" and "SinPos" that he alleges "were never uttered at the hearing." *Id.* ¶ 6. Concerned, Mr. Cahill "contacted [the Department] three times requesting the audio recording under the United States Freedom of Information Act." *Id.* ¶ 9.[2] The first two request letters were mailed to Kathi Vidal, the Under Secretary of Commerce for Intellectual Property, and were delivered on March 21, 2024, and March 22, 2024, respectively. *Id.* The third letter was sent to Gina Raimondo, then-Secretary of Commerce, on April 5, 2024. *Id.* In the letters, Mr. Cahill requested that the Department "either post the audio of the oral argument on line [sic] . . . or mail the digital media of the audio of the oral argument" to him. ECF No. 15-8, at 2. The Department responded to Mr. Cahill's request in April 2024, explaining that it had "identified no records responsive to [the] request." ECF No. 14, at 1; *see* ECF No. 15-10, at 1 (explaining that "the [Department] does not maintain audio recordings of oral arguments").

Mr. Cahill filed this case in May 2024. ECF No. 1. In July 2024, Mr. Cahill moved for $405 in costs, explaining that the Department had "finally complied with [his] FOIA request on

---

[2] This was Mr. Cahill's second FOIA request concerning the oral argument audio. The Department closed Mr. Cahill's earlier request after he failed to provide necessary verification. ECF No. 15-2 ¶ 9.

2

July 9, 2024" via an email. ECF No. 14, at 1. In the email, which Mr. Cahill attached as an exhibit to his motion, the Department explains that:

> As a follow up to your FOIA request . . . the [Department] has identified a video recording of the hearing from February 8, 2024, that you requested. In light of our communications with you, our understanding was that you were looking for the audio recording that the court reporter used to create the transcript for the hearing. This video was not for that purpose, and again, only the court reporter has that recording. But we are passing along this video recording in the event it is helpful.

ECF No. 14-1. The email linked to a video recording of the hearing. *Id*. The same month, the Department filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 15. The court issued a *Fox*/*Neal* order instructing Mr. Cahill to respond. ECF No. 17. Thereafter, the parties completed their briefing on both motions. ECF Nos. 14-16, 18, 20-21, 23-26. The motions are now ripe for resolution.

## II.   DISCUSSION

The Department argues that Mr. Cahill has admitted that his case is moot and that he is not entitled to costs. ECF No. 15-1, at 10-15. In response, Mr. Cahill does not dispute that the case is moot but instead argues that "[the Department] changed [its] tune because of [his] legal action," and thus, he is entitled to recover costs. ECF No. 23, at 1-2. The court concludes that the case is moot and that Mr. Cahill's legal action was not the catalyst for the Department's disclosure. It will therefore grant the Department's motion to dismiss and deny Mr. Cahill's motion for costs.

### A.   Motion to Dismiss

While the court holds a pro se litigant to "less stringent standards," *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106), he may not "ignore the Federal Rules of Civil Procedure," *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Accordingly, "even a

3

pro se plaintiff must meet his burden of proving subject matter jurisdiction to survive a Rule 12(b)(1) motion to dismiss." *Smith v. Scalia*, 44 F. Supp. 3d 28, 36 (D.D.C. 2014).

"A federal court does not have subject matter jurisdiction over claims that are moot." *Amin v. Nyack Sch. of Adult and Distance Educ.*, 710 F. Supp. 2d 80, 82 (D.D.C. 2010). FOIA lawsuits "generally become moot once an agency has made available requested non-exempt records, whether voluntarily or after court order," *Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 777 (D.C. Cir. 2018), because after "the [requested] records are produced[,] the substance of the controversy disappears . . . since the disclosure which the suit seeks has already been made, *Crooker v. U.S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980). This is true even when the records are released during the pendency of litigation. *Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015). "The reason for this is straightforward: under FOIA, 'once all requested records are surrendered, federal courts have no further statutory function to perform.'" *Id.* (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)).

In his motion for costs, Mr. Cahill explains that "[a]fter wasting nearly five months trying to run out the clock[, the Department] finally complied with [his] FOIA request on July 9, 2024." ECF No. 14, at 1. Because Mr. Cahill admits that "the disclosure which the suit seeks has already been made," *Crooker*, 628 F.2d at 10, "there is nothing of the underlying FOIA dispute left for the [c]ourt to adjudicate," *Harvey*, 123 F. Supp. 3d at 7. Accordingly, the court will dismiss Mr. Cahill's complaint under Federal Rule of Civil Procedure 12(b)(1).

### B.     Motion for Costs

Dismissal of Mr. Cahill's complaint on mootness grounds does not affect the court's jurisdiction to consider his motion for costs. *Harvey*, 123 F. Supp. 3d at 8 ("The conclusion that this Court lacks jurisdiction to hear Plaintiff's case, however, does not dispose of Plaintiff's request

that he be paid his costs for bringing this action."). In FOIA cases, the court may award "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). While a pro se plaintiff is not entitled to attorney's fees, he may seek costs. *Harvey*, 123 F. Supp. 3d at 8.

To be awarded costs, the plaintiff must be both "eligible" for and "entitled" to them. *Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011). A plaintiff is "eligible" when he has "substantially prevailed" on his claim, either through a judicial order, written agreement, or consent decree, *id.*; *see* 5 U.S.C. § 552(a)(4)(E)(ii)(I), or by obtaining a "voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial," 5 U.S.C. § 552(a)(4)(E)(ii)(II). The court determines whether the plaintiff is "entitled" to costs by looking at factors including "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 711 (D.C. Cir. 2014) (internal quotation marks omitted).

Because the Department turned over the video without a court order, written agreement, or consent decree, Mr. Cahill is only eligible for costs if he can show that his suit brought about a "voluntarily or unilateral change" in the Department's position and that his claim was not "insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(II). In making these determinations, "the key question is whether 'the institution and prosecution of the litigation cause[d] the agency to release the documents obtained during the pendency of the litigation.'" *Harvey*, 123 F. Supp. 3d at 9 (alteration in original) (quoting *Church of Scientology v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981)). Importantly, "a plaintiff cannot recover [costs] under the second prong if the agency

can show that its initial refusal was 'correct as a matter of law.'" *Emery v. U.S. Dep't of Just.*, 639 F. Supp. 3d 104, 117 (D.D.C. 2022) (quoting *Brayton*, 641 F.3d at 525).

The Department contends that Mr. Cahill is not entitled to costs because its "voluntary disclosure after the start of litigation [was] not a change in position" and because Mr. Cahill did not exhaust his administrative remedies before bringing suit. ECF No. 15-1, at 12-13. Specifically, the Department argues that it "stands by its initial determination on the request that [Mr. Cahill] actually submitted," *id.* at 13, and that—were the case not moot—it would be entitled to dismissal based on Mr. Cahill's failure to exhaust administrative remedies, *id.* at 6-10. The court agrees.

In his FOIA request, Mr. Cahill asked for "audio of the oral argument" in his case. ECF No. 15-8, at 2. The Department responded that it had "identified no records responsive to [his] request" because it "does not maintain audio recordings of oral arguments." ECF No. 15-10, at 2. The Department later located a video recording of the oral argument, which it provided to Mr. Cahill while expressly maintaining that it was outside the scope of his FOIA request. ECF No. 14-1 ("In light of our communications with you, our understanding was that you were looking for the audio recording that the court reporter used to create the transcript of the hearing. This video was not for that purpose, and again, only the court reporter has that recording. But we are passing along this video recording in the event it is helpful."). It is clear that the Department was maintaining, and continues to maintain, that it does not possess the official audio recording of the hearing that Mr. Cahill seeks. It is also clear that, had the case not been rendered moot, the Department would have been able to meritoriously defend its denial of Mr. Cahill's request by

arguing that he had failed to exhaust his administrative remedies. *See* ECF No. 15-1, at 6-10.[3] Thus, while Mr. Cahill's representation that he is satisfied with the Department's production of the video recording of the argument renders the underlying merits of the dispute moot, it remains the case that the Department has not changed its position on the merits of Mr. Cahill's suit. *See Emery*, 639 F. Supp. 3d at 117 (declining to award fees and costs where the court could not conclude that the agency's initial refusal was "incorrect as a matter of law" and where the plaintiff had "failed to exhaust his administrative remedies with regard to that decision").[4]

### III.    CONCLUSION

For the foregoing reasons, the court will grant the Department's motion to dismiss, ECF No. 15, and deny Mr. Cahill's motion for costs, ECF No. 14. A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 21, 2025

---

[3] Mr. Cahill does not dispute his failure to appeal the denial of his FOIA request. *See* ECF No. 23. Instead, he argues, *inter alia*, that his failure to exhaust was reasonable because "the administrative route . . . wasn't working for [him]" and because, in his view, "[t]he judicial route was roughly twice as fast as the administrative." *Id.* at 2. These arguments are unavailing, because "binding Circuit precedent could not be clearer [that] exhaustion of administrative remedies 'is a *mandatory prerequisite* to a lawsuit under FOIA.'" *Freedom Watch, Inc. v. Cent. Intel. Agency*, 895 F. Supp. 2d 221, 227 n.2 (D.D.C. 2012) (quoting *Wilbur v. Cent. Intel. Agency*, 355 F.3d 675, 676 (D.C. Cir. 2004)).

[4] Even if Mr. Cahill were *eligible* for costs, he would not be *entitled* to them, because he was requesting the argument audio in his patent case for his own private benefit. *See McKinley*, 739 F.3d at 712 (explaining "[t]he second and third entitlement factors, considered together, address whether the plaintiff had a 'sufficient private incentive' to pursue his FOIA request even without the prospect of obtaining [costs]" (quoting *Davy v. Cent. Intel. Agency*, 550 F.3d 1155, 1160 (D.C. Cir. 2008))).